## GLEMAKER, Respondent, v. CITY OF WATERTOWN, Appellant.

### (177 N. W. 123.)

(File No. 4649.   Opinion filed March 26, 1920.)

**Municipal Corporations—Sewerage Damage from City's Negligence, Pleadings Re, Failure to Allege Street Graded, Curbed, Guttered, Effect re Sufficiency of Complaint—Necessary Allegations.**

> A complaint, in a suit against a city for damages to plaintiff's cellar and basement from overflow of water from a drainage gutter, which failed to allege that the street had ever been graded, curbed, or guttered, failed to state a cause for actionable negligence; it being necessary to state whether the alleged negligence consists of faulty construction, and if so, in what manner faulty; and if injury was caused by obstruction to flow of water down the gutter, such should be alleged and also that the obstruction resulted from negligence, or that defendant was negligent in failing to remove the obstruction after notice thereof; and court cannot say from facts alleged, that defendant has been guilty of actionable negligence.

Appeal from Circuit Court, Codington County.   HON. WILLIAM N. SKINNER, Judge.

Action by J. P. Glemaker, against the City of Watertown, a municipal corporation, to recover damages resulting from flowage of water from street gutter into plaintiff's cellar and basement. From an order overruling a demurrer to the complaint, defendant appeals.   Reversed.

*Arthur L. Sherin,* for appellant.

*Case & Case,* for Respondent.

Appellant cited:  Andrus v. City of Ashland, 172 N. W. 721; James Keen v. City of Mitchell, 157 N. W. 1049, (L. R. A. 1916 F.) 704; Pol. Code 1903 Sec. 1229, subds. 7, 29; Waters v. Village of Bay View, 61 Wis. 642, 21 N. W. 811; Johnson v. Railway Co., 80 Wis. 641; 50 N. W. 771; Merkel v. Town of Germantown, 98 N. W. 211.

Respondent cited:  Secs. 6169, 6357, Rev. Code 1919; Childs v. City of Boston 86 Mass. 41; Walters v. City of Carthage, (S.

D.) 153 N. W. 881; Dell Rapids Mercantile Co. v. City of Dell Rapids (S. D.) 75 N. W. 898.

POLLEY, J.   This is an appeal from an order overruling a demurrer to plaintiff's complaint.    The complaint alleges that plaintiff lives in a house fronting on one of the streets in the city of Watertown; that said street had been laid out, opened, and used for traffic, and maintained as a residential street of said city; that the city officials of said city failed to keep and maintain a gutter or ditch along the side of said street in good and proper repair, suitable and sufficient to take care of the surplus water coming down said street; and that, by reason of the faulty construction, and failure to keep in repair and properly care for said drainage gutter or ditch, the water was allowed to accumulate on said street in front of plaintiff's residence, and "by reason of its so collecting and impounding, it caused the said water to flow through and down to the basement of the residence of plaintiff, and by so doing it carried with it water and mud, sediment, etc., into the cellar and basement of this plaintiff, and by so doing destroyed and damaged" plaintiff's goods.

Defendant demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action.   This demurrer should have been sustained.   The complaint does not allege, except by inference, that the street had ever been graded, curbed, or guttered.   It is incumbent upon the plaintiff to state whether the alleged negligence of the defendant consists of faulty construction, and, if so, in what manner the construction is faulty. If the injury was caused by an obstruction to the flow of the water down the gutter, such fact should be alleged, and it should also be alleged that such obstruction was the result of negligence on the part of the defendant, or that defendant had been negligent in failing to remove such obstruction after it had notice, either actual or constructive, of the existence of such obstruction.

Admitting all the allegations of the complaint to be true, the court cannot say that defendant has been guilty of actionable negligence.

The order appealed from is reversed.